IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS D. COTTON,
   Plaintiff,

vs.            Case No. 3:05cv451/LAC/MD

CHIEF RAY BURGESS, et al.,
   Defendants.

## REPORT AND RECOMMENDATION

   This cause is before the court upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid. (Doc. 5). Service upon defendants has not been effected. Upon review of the complaint, the court concludes that plaintiff's claims against the defendants are not of sufficient substance to support federal jurisdiction. Therefore, dismissal of this action is warranted.

## BACKGROUND

   Plaintiff is an inmate in the custody of the Department of Corrections serving a 13 year sentence for DUI manslaughter. Plaintiff brings this case against Ray Burgess, Chief of the Defuniak Springs Police Department, Officer Aaron Raffield and Officer Greg Gandy. Plaintiff alleges that on March 9, 2003 he was traveling in his vehicle along with his mother, Eunice Mae Boyer, when defendants Raffield and Gandy initiated a traffic stop due to his excessive speed. Defendant Raffield performed a field sobriety test on the plaintiff, which he passed, and plaintiff was issued a citation for careless driving and allowed to proceed. Soon thereafter, plaintiff states that he was involved in an accident in which both his mother (the

passenger in his vehicle) and the driver of the other vehicle were killed. The Florida Department of Law Enforcement analyzed blood drawn from the plaintiff at the scene and it came back as a .169 BAL and positive for the presence of cocaine. Plaintiff was subsequently convicted of two counts of DUI manslaughter for which he is currently incarcerated.

Plaintiff states that Chief Burgess is responsible for the training of each officer and ensuring that they comply with procedures, laws and constitutional requirements. As such, plaintiff contends he should be responsible and accountable for any violation, act or omission within his office or by those employed under his supervision.

Plaintiff maintains that Officers Raffield and Gandy have the duty to protect the rights of plaintiff and the public and the duty to enforce all established laws. He claims that they failed in their duties by not arresting him for DUI, thereby causing and contributing to the wrongful deaths of both victims and the injuries suffered by the plaintiff.

He claims he has been deprived of his life, liberty and equal protection of the law, and seeks damages in the amount of $15,000.

Pared to its essence, plaintiff's complaint is that the officers should have arrested him even though he passed the field sobriety test, and that their failure to do so violated his constitutional rights and caused him damages.

## DISCUSSION

Subject Matter Jurisdiction

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) (a district court can *sua sponte* raise a jurisdictional defect); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction (citations omitted)). The

absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  *Barnett*, 956 F.2d at 1039; *Lovern*, 190 F.3d at 653 (citations omitted).

Subject matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction.  For federal question jurisdiction, plaintiff must allege a violation of his constitutional rights or a right created under federal law.  28 U.S.C. § 1331.  For diversity jurisdiction, plaintiff must allege that he and the defendants are citizens of different states and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  In this case, plaintiff is proceeding under federal question jurisdiction pursuant to 42 U.S.C. § 1983.

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction if:  (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous."  *Id.* (internal quotations omitted); *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) ("Federal jurisdiction requires that a party assert a <u>substantial</u> federal claim. ") (citing *Hagans v. Levine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1976)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  In *Hagans*, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion."  415 U.S. at 536-37, 94 S.Ct. at 1378-79 (internal quotations omitted).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination."  416

U.S. at 538, 94 S.Ct. at 1379.  Notwithstanding the foregoing, "a claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and law of the United States are given one construction and will be defeated if they are given another.'"  *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946)).

"In determining the substantiality of a federal claim . . . this court must determine whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *Barnett*, 956 F.2d at 1041 (quoting *Bell v. Hood*, 327 U.S. at 683, 66 S.Ct. at 776)).  "A federal claim will be deemed without any legal merit if the claim has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (internal quotations omitted) (brackets in original).

**Plaintiff's Claims**

In order to prevail on a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

As noted above, plaintiff claims that he was deprived of his life, liberty and equal protection of the law because defendants Raffield and Gandy did not arrest him pursuant to the traffic stop when he successfully performed field sobriety tasks. These allegations are patently frivolous. He essentially seeks to hold the defendants responsible for his misfortune after they acted in an appropriate manner, by not arresting him when it is apparent from the complaint that there was no lawful basis to make such an arrest.  This turns the law on its head.  If the officers had arrested plaintiff after he passed the field sobriety test, he might have a constitutional claim,

an issue that the court obviously need not reach.  By not arresting him when he passed the test, because they did not have probable cause to arrest him, the officers were doing their job appropriately, and afforded plaintiff every constitutional right to which he was entitled.

Even if plaintiff had stated a constitutional claim against Raffield and Gandy, which he clearly has not, his claim against Chief Burgess under the theory of *respondeat superior* fails because *respondeat superior* alone does not provide a basis for recovery under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995).

Based on the foregoing, this "cause of action ... is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *Barnett*, 956 F.2d at 1041.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED for lack of subject matter jurisdiction.

At Pensacola, Florida, this 5th day of January, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).